The People ex rel The Attorney General v. Herschel H. Hatch.

*Act 395, local acts of 1885—Intent of legislature—Boundary line.*

1. The intent of the legislature, under act 395, local acts of 1885, is plain to erect a Union school district, whose boundaries shall be co-incident with the territorial limits of the municipality of Bay City; and if the description given in the act, of such boundaries, is not so coincident, it must yield to such evident intent, and the boundaries of the district must follow the city boundary line, wherever that may be.

2. Where neither of two cities is impleaded in a proceeding involving the question of the boundary line between them, but not necessarily

raised upon the record, the question of the location of such boundary line will not be determined by the court.

3. A city attorney cannot bring the corporation into court, by filing a brief in a case in which the city is not impleaded.

Information in nature of a quo warranto, to try the title of the respondent to the office of member of the board of education of Union school district of Bay City.

Argued February 9, 1886.    Decided February 19, 1886. The facts are stated in the opinion.

*Moses Taggart*, Attorney General, and *E. A. Cooley*, for relator.

*Alfred P. Lyon* and *A. McDonell*, for respondent.

CHAMPLIN, J.    This is an information in the nature of a *quo warranto*, filed by the attorney general on behalf of the people, to try the title of the respondent to the office of member of the board of education, Union school district of Bay City, which office it is alleged the respondent has usurped, intruded into, and unlawfully holds.

The respondent pleaded to the information, in which he asserts that he is a resident of the third ward of the city, a tax-payer and property holder therein liable to assessment, and has children between the ages of five and eighteen, who are entitled to attend schools of Bay City; that at the annual election or school meeting held on the seventh of September, 1885, in each of the wards of said city, pursuant to an act entitled "An act to amend an act entitled, 'An Act to organize Union school district of Bay City, approved March 20, 1867,' approved June 17, 1885," he was duly elected a member of the board of education of Bay City for the term of one year, and was declared by the board of inspectors of said meeting to be duly elected, and received his certificate of election, which he filed with the recorder of Bay City, and took the constitutional oath of office as required by the said act, entered upon the office, and has since held and occupied the same.

The attorney general filed his replication, in which he sets forth the boundaries of Union school district under prior acts, and shows that they were coincident with the boundaries of, and embraced in, the same territory as the municipal corporation of Bay City, and that under such prior acts the common council appointed Daniel Shannon, on the twenty-fourth of March, 1884, to be member of the board of education of said Union school district, for the third ward, for the term of two years, and his term will not expire until March, 1886, which office he held until the same was usurped by respondent.

The answer then sets forth irrelevant matter at great length, respecting an act of the Legislature revising the charter of West Bay City, and encroachment upon the territory of the city of Bay City by changing the boundaries of West Bay City; and also setting up that the boundaries of Union school district of Bay City, as defined in the act under which respondent was elected, include some of the territory of West Bay City, as defined in said revising act; and it alleges that the act under which respondent was elected is void.

The respondent demurred to this replication, and the case is here upon the issue thus raised.

It is claimed that the act to amend certain sections of an act entitled "An act to organize Union school district of Bay City," approved June 17, 1885, is unconstitutional, because (1) it seeks to change and define the boundaries of the municipality of Bay City, which object is not within its title; and (2) the boundaries so changed include many persons qualified to vote at school meetings who by such change are deprived of the right of voting. We think the intent of the Legislature is plain to erect a Union school district whose boundaries shall be coincident with the territorial limits of the municipality of Bay City, wherever those boundaries may be; and if the description of the boundaries given in the act is not coincident with such boundaries of the municipality, it must yield to the evident intent, and the boundaries of the school district must follow the boundary

line of the city, wherever that may be. We therefore hold the act under which relator was elected to and holds office to be a valid act.

We do not determine where the boundary is between Bay City and West Bay City, for the reason that we do not consider the question necessarily raised upon this record, and for the further reason that neither city is represented in this proceeding, in its corporate capacity.

It need not be said that a city attorney can bring a corporation into court by filing a brief in a case in which the city is not impleaded.

The demurrer is sustained, and judgment entered for defendant, without costs.

The other Justices concurred.