———o———

EDWARD  J.  HARGRAVE  AND  EDWARD  C.  HARGRAVE  v.
HENRY  W.  WEBER.

| 66 | 59 |
|----|----|
| 67 | 477 |

| 66 | 59 |
|----|----|
| 95 | 380 |

*Constitutional law—Amendment of city charter—Title of act.*

| 66 | 59 |
|----|----|
| 111 | 333 |

Under Act No. 307, Local Laws of 1885, entitled "An act to revise and amend the charter of the city of West Bay City, and to repeal all acts and parts of acts in conflict therewith," the territorial limits of the city were extended.

| 66 | 59 |
|----|----|
| 143 | 529 |

*Held,* that such extension can only be made by amendment, which object is expressed in the title, and that it is unnecessary to insert in such title the manner of making the amendment, or the particular municipality from which the added territory is taken.

Error  to  Bay.   (Green,  J.)    Argued  April  12,  1887. Decided May 5, 1887.

Replevin.    Defendant brings error.    Reversed.    The facts are stated in the opinion.

*C. E. Pierce,* for appellant.

*John C. Weadock,* for plaintiffs.

SHERWOOD, J.    This suit is an action of replevin.

In the month of April, 1886, the defendant was treasurer of West Bay City, in the county of Bay, and in that capacity he levied upon the property of the plaintiffs described in the writ, by virtue of a warrant attached to the delinquent personal tax roll of said city, for the taxes of 1885; the plaintiffs' names being upon said roll as delinquent, and the property levied upon being liable to be taken for taxes. As soon as the property was seized by the defendant under his warrant, the plaintiffs brought this suit, and replevied the same. A trial of the case was had in the Bay circuit, and the plaintiffs prevailed. The cause was tried by the court without a jury, and the same was submitted to the court upon a stipulation of the attorneys containing all the facts, the substance of which is as follows:

That Bay City was organized by act of the Legislature, March 21, 1865, and West Bay City, May 2, 1877; that, prior to the organization of West Bay City, the territory therein comprised the villages of Banks, Wenona, and Salzburg; that Bay City lies on the east bank of the Saginaw river, and West Bay City on the west side, directly opposite.

"That between said two cities, and in the Saginaw river, there is situated an island of considerable extent, known as 'The Middle Ground;' that upon this island for many years last past there have been situated two large steam saw-mills; that the owners of said mills have kept upon said island continually, for use in and about their said business, a large quantity of personal property; that there are also, and have been for many years, dwelling-houses constructed upon said island, in which people engaged in carrring on said business connected with said mills, and their families, have, during all of said time resided; that many of the persons residing upon said island were and are duly-qualified electors.

"That the main channel of the river is between the middle ground and Bay City.

"That the westerly boundary line of Bay City, as established by the act organizing said city, and the acts amendatory thereto, passes through the center of said island, and said line also constituted the eastern boundary line of the city of West Bay City, and, prior to the organization of said city, the village of Salzburg; that the city of Bay City, from the time of its organization, assumed jurisdiction over that portion of said island lying east of said dividing line, and assessed and collected the taxes from the taxable property upon that portion of said island; that the said two mills and the large number of residences upon said island were and are east of the said boundary line, and in the city of Bay City.

"That this state of facts continued to exist until the passage of an act entitled 'An act to revise and amend the charter of the city of West Bay City, and to repeal all acts and parts of acts in conflict therewith,' approved April 1, 1885, which said act assumed to establish the eastern boundary of the city of West Bay City along the center of the main channel of the Saginaw river, thereby assuming to include the whole of said island within the corporate limits of the city of West Bay City.

"That on the second Monday in May, in the year 1885, the plaintiffs were the owners of, and had in their possession upon said island, a large number of houses, and a quantity of lumber and other personal property kept by them upon said island throughout the year; that said personal property of said plaintiffs, and the whole of it, was kept and situate upon that portion of the island lying east of said boundary line between Bay City and West Bay City; that the city of West Bay City, after the passage of Act No. 307, claimed and assumed that said portions of said island had been detached from said city of Bay City, and had become and was embraced within the corporate limits of said city of West Bay City, and the comptroller of said city of West Bay City assessed said personal property of said plaintiffs upon the assessment roll of West Bay City for the year 1885, and extended against said assessment a tax upon the tax roll of said West Bay City, and delivered the same to the treasurer of said city for collection.

"That, the said city of Bay City assuming that said portion of said island had never been legally detached from said Bay City, and was still embraced within the corporate limits of said city, the comptroller of said Bay City also assessed said

personal property upon the assessment roll of said Bay City
for the year 1885, and in like manner extended a tax against
the same upon the tax roll of said Bay City, and delivered
the same to the city treasurer for collection.

"That the defendant herein, the city treasurer of West
Bay City, in pursuance of the warrant attached to said tax
roll of West Bay City, seized the property of said plaintiffs
described in the declaration in this cause, from which to col-
lect said tax by distress and sale.

" That the property so assessed by said defendant belonged
to the plaintiffs in this case, and was a portion of the prop-
erty kept by said plaintiffs on said island; that both of said
plaintiffs have resided for many years last past, and now
reside, in the city of Bay City; that the firm of Murphy &
Dorr, owners of a large portion of the other property on said
island, and also assessed by said West Bay City and Bay City,
do not reside in Bay county; that Simon J. Murphy, one of
the members of said firm, resides in the city of Detroit, and
Dorr, the other member of said firm, resides in the city of
East Saginaw; that the only personal property of said plaint-
iffs was kept east of said center line heretofore described
as the boundary line between said Bay City and West Bay
City.

" That upon the seizure of said property by defendant,
described in the declaration in this cause, plaintiffs brought
this action of replevin therefor, and obtained possession
thereof.

" That said plaintiffs occupied and used their said saw-mill
on said island, and owned and occupied an office thereon, at
which their principal business was transacted, on the second
Monday of April, 1885, and for several years before that time,
and have always since that date used and occupied said mill
and office; that said office is situate upon that portion of said
island that would be in the corporate limits of Bay City, if
the same has not been detached by said act."

That the amount of the tax for which the defendant made
his levy was $267.11, and that said tax roll and warrant were
fair on their face.

It appears the property was seized by the defendant to
satisfy a tax assessed against the plaintiffs' property situate
on the middle ground in said river, and within the limits of
Bay City before the passage of the law of 1885.

But two questions are made by counsel for defendant:

1. Does the act which is entitled "An act to revise and amend the charter of the city of West Bay City,' and to repeal all acts and parts of acts in conflict therewith," approved April 1, 1885, embrace more than one object, contrary to article 4, § 20, of our Constitution?

2. If not, does it express that object in its title?

It is the purpose of this act to revise the charter of West Bay City, and amend the same. The extension of the limits of the city can only be done by amendment, and this object is expressed in the title. The manner of making the amendment, or the particular municipality from which the added portion is to be taken, it is unnecessary to insert in the title. We think the object to be accomplished under this act is sufficiently expressed in its title, and within the tendency of the authorities. *People v. Hatch,* 60 Mich. 229; *Attorney General v. Amos,* Id. 372; *Harris v. People,* 59 N. Y. 599; *Prescott v. City of Chicago,* 60 Ill. 121; Dill. Mun. Corp (3d ed.) § 51, note 2; Cooley, Const. Lim. 141–150; Sedgw. Stat. 521, and note; *Morford v. Unger,* 8 Iowa, 82; *People v. Mahaney,* 13 Mich. 481; *People v. Bradley,* 36 Id. 447; *Powell v. Jackson,* 51 Id. 129; *Guild v. City of Chicago,* 82 Ill. 472; *Larned v. Tiernan,* 110 Id. 173; *In re Mayer,* 50 N. Y. 504.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.