## THE PEOPLE v. WILLIAM GOBLES.

*Constitutional law—Establishment of municipal courts—Title of act—Certiorari—Title to office—Selling liquor to minor—Sentence.*

1. The establishment of municipal courts in the organization of cities is one of the *necessary* things in their incorporation, and need not be embraced in the title to the incorporating act.

2. The title to office of the recorder of a city, who was elected and has qualified, and acted as judge of the recorder's court, cannot be tried in *certiorari* proceedings to review a conviction had before him, and his acts while exercising the functions of his office must be held legal and valid, whether he was properly elected or not.[2]

3. A person convicted of furnishing intoxicating liquor to a minor, under How. Stat. § 2271, cannot be sentenced to imprisonment in the State house of correction at Ionia, under How. Stat. § 9755, the clear intent of the section *first* cited being to confine such imprisonment to the county jail.

Error to Kalamazoo. (Mills, J.) Argued October 21, 1887. Decided November 3, 1887.

Respondent was convicted in the recorder's court of furnishing intoxicating liquor to a minor, and sentenced to the State house of correction at Ionia, which judgment was

———

[2] See *Edison v. Almy*, 66 Mich. 329.

affirmed on *certiorari* in the circuit court. Reversed, and prisoner discharged. The facts are stated in the opinion.

*O. T. Tuthill,* for respondent.

*Frank E. Knappen,* prosecuting attorney, for the People.

CHAMPLIN, J. Complaint was entered against respondent before the recorder of the city of Kalamazoo for furnishing liquor to Nellie Rafter, a minor of the age of four years, said respondent not being a druggist. He was arrested and convicted, and removed the record into the circuit court for the county of Kalamazoo, where the judgment was affirmed. The errors assigned in the affidavit for *certiorari* (being the same which are assigned here) raise three questions of law:

1. The recorder had no authority to hear, try, and determine the case.

2. The recorder had no authority to sentence the respondent to be confined in the State house of correction and reformatory at Ionia.

3. The offense of which respondent was convicted was not such as authorized a sentence to the prison aforesaid.

. The respondent claims that the recorder had no jurisdiction to act in the matter, because he was elected to fill that place under an act of the Legislature constituting and organizing the recorder's court, being Act No. 337, Laws of 1883. The Legislature in 1885 substantially re-enacted that portion of Act No. 337 organizing the recorder's court.[1] The material changes consisted in omitting a clause in the former act which declared the recorder's court to be a court of record, and in giving to the recorder exclusive jurisdiction in cases of bastardy arising within the city. It also contained this provision:

"All acts heretofore done under and by virtue of chapter 16 of Act No. 337 of the Local Acts of the Legislature of the State of Michigan, passed at the regular session of 1883, are

[1] Act No. 34, Laws of 1885.

hereby declared valid, and nothing in this act contained shall affect the term or title to the office of the recorder heretofore elected by the city of Kalamazoo."

The argument of counsel for respondent is that the act of 1883 was unconstitutional, for the reason that it was entitled "An act to incorporate the city of Kalamazoo," and the organization of the recorder's court was not embraced in the title of the act. But this would not render the act unconstitutional. The establishment of municipal courts in the organization of cities is one of the necessary things in the incorporation of a city, and does not infringe the constitutional provision. *Hargrave v. Weber,* 66 Mich. 59; *Boyce v. Sebring,* Id. 210; *Harris v. People,* 59 N. Y. 599.

The recorder was elected under the act of 1883, qualified and acted as judge of the recorder's court, and, for aught that appears, he was legally elected, and he is still acting as such recorder. We cannot try his title to the office in this collateral proceeding, and his acts while exercising the functions of his office must be held legal and valid, whether he was properly elected or not. It is not like the case of an officer whose term of office has expired and another elected and qualified to fill his place. Here there is no claim that any other person is the duly elected and qualified recorder of the city of Kalamazoo. The errors assigned based upon this objection are overruled.

The second and third objections may be considered together. The statute confers upon the recorder's court the same criminal jurisdiction as that conferred upon justices of the peace of the several townships of this State. The contention of counsel for respondent is that, as justices of the peace have jurisdiction only over such offenses as are committed within their counties, therefore that they cannot sentence a person to be imprisoned outside of the county, and, as the jurisdiction of the recorder is limited to the limits of the city, he can only sentence to the county jail.

Justices of the peace have such jurisdiction and power as the Legislature confers upon them within the limits of the Constitution; and section 9755, How. Stat., provides:

"From and after the time when the State house of correction shall have been opened for the reception of all offenders, all courts having criminal jurisdiction in Michigan may sentence all male persons duly convicted of a felony before them, and who shall be at the time of sentence of the full age of sixteen years, and not more than twenty-five years of age; and also all male persons duly convicted before them of a misdemeanor when the imprisonment shall not be less than ninety days;　　*　　*　　*　　to the said State house of correction."

It was under this section of the statute that the respondent was sentenced to 90 days' imprisonment in the State house of correction and reformatory at Ionia.

The prosecuting attorney of Kalamazoo county, who appeared and argued the case before us in behalf of the people, claims that this section authorizes the punishment inflicted by the recorder, and affirmed by the circuit court.

The offense of which respondent was convicted was created by section 2271, How. Stat., which forbids any person not a druggist to sell, furnish to, or give any liquors or beverage containing liquors to any minor, or to any intoxicated person, etc. The next section forbids any person to keep any billiard table, etc., in the same room where intoxicating liquors are sold or kept for sale, and it also forbids any person to play billiards or any other game of chance where such liquor may be sold or kept for sale. Section 2273 makes it unlawful to sell, furnish, or give such liquors in any concert hall or other place of amusement. Section 2274 provides for the closing of places where liquors are sold on Sundays, election days, and from 9 o'clock in the evening until 7 o'clock in the morning. The penalties for these infractions of the law are provided for in section 2275, which reads as follows:

" Any person who shall violate any of the provisions of the preceding sections shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, and costs of prosecution, and imprisonment in the county jail not less than ten days nor more than ninety days, in the discretion of the court. And in case such fine and costs shall not have been paid at the time such imprisonment expires, he, the person serving out such sentence, shall be further detained in jail until such fine and costs shall have been fully paid: *Provided*, that in no case shall the whole term of imprisonment exceed ninety days."

The act of which section 9755 forms a part was passed originally in 1877, and is entitled—

" An act to regulate and govern the State house of correction and reformatory at Ionia."

It contained the clause relative to sentencing to that institution for misdemeanors where the imprisonment was to be not less than ninety days, and this clause has remained unchanged to this time. It was a general law, applying in terms to all courts, and yet I think it exceedingly doubtful if the Legislature intended it should apply at all to sentences pronounced by justices of the peace.

Although the prison at Ionia is called " a house of correction and reformatory," it is no less than a State prison. Persons convicted of felony are sentenced to that prison, and confined there. The Legislature originally intended it to be a sort of intermediate prison where youthful offenders could be confined, and it limited the offenders who could be sentenced there to males between the ages of 16 and 25 years; but by act No. 77 of the Legislature of 1877 all male persons convicted of felony, without regard to age, as for the first offense, except rape, murder, and treason, may be sentenced to that prison.

If there can be any reason why those convicted for felonies, such as burglary, robbery, arson, and other serious crimes, for the first time, or those between 16 and 25 years of

age, should not be brought in contact or imprisoned with the more obdurate and confirmed criminals, there is a much stronger reason why those who have committed that class of crimes denominated misdemeanors, which are within the jurisdiction of a justice of the peace, should not be imprisoned with felons, and thus brought within the immoral atmosphere which surrounds all criminals who are imprisoned for the graver offenses, whether it be under a first conviction or not.

There is a class of misdemeanors punishable in the circuit courts where the fine may exceed $100, and the imprisonment in the county jail may not exceed one year, and where the gravity of the offense approaches very near to a felony, and it is quite probable that it was these misdemeanors which the Legislature had in view in section 9755 of the statute. This construction of the law is at least plausible when another section of the law is considered.

The statute conferring criminal jurisdiction upon justices of the peace limits their power to try misdemeanors to those cases where the fine does not exceed $100, or the imprisonment does not exceed three months in the county jail, or both such fine and imprisonment. How. Stat. § 7092, subd. 8. It is by virtue of this section that a justice of the peace has jurisdiction to try the offense for which respondent was convicted. The punishment named in this section is the test and limit of his jurisdiction, and, if a misdemeanor arising from the infraction of the so-called liquor law is punishable by imprisonment in the State house of correction, the justice would have no jurisdiction to try the offender. The views above expressed are those of first impression, and as the question mooted is not necessary to a disposition of the case before us, and was not fully argued, we do not make it a basis of our decision.

The case can be properly disposed of by a consideration of the two sections above quoted. As before stated, section

9755 was enacted in 1877, and, while it was upon the statute book, the act under which respondent was convicted was passed in 1881.

This act, after declaring the doing of the prohibited acts to be misdemeanors, expressly provided what punishments should be inflicted, and in terms limited the imprisonment, if any was imposed, to the county jail. The Legislature did not intend that other or more odious punishment should be imposed than that specified in the act. It is a greater and more odious punishment to be imprisoned with convicted felons in a State house of correction than in a county jail. Had the Legislature intended that an infraction of the law might be punished by sentence to the State house of correction, they should, and probably would, have said so.

The intention that the county jail is the prison to which persons transgressing this statute should be sentenced, is rendered clear by the provision which declares that, if the fine and costs have not been paid at the time such imprisonment expires, the person serving out the sentence " shall be further detained *in jail* until such fine and costs shall have been fully paid: *Provided*," etc. This, being the later enactment, and expressing the intention of the Legislature in positive terms, must prevail.

I do not think that the sentence imposed upon respondent in this case was authorized by law, and it follows that the judgment must be reversed, and the respondent discharged.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.