IN THE MATTER OF JAMES SILVERTHORN ON HABEAS CORPUS.

*Criminal law—Justices of the peace—Sentence—State House of Correction.*

The statutes now in force (July 10, 1888) do not authorize a justice of the peace to sentence a party to the State House of Correction and Reformatory, at Ionia, on conviction of an offense which the justice has jurisdiction to try.

*Habeas corpus* case. Submitted July 10, 1888. Prisoner discharged on hearing, and opinion filed February 6, 1889. The facts are stated in the opinion.

*Dean & McCall,* for petitioner.

*J. M. C. Smith,* Prosecuting Attorney, for the people.

PER CURIAM. On June 29, 1888, James Silverthorn was convicted of an assault and battery committed upon his wife, in the county of Eaton, before a justice of the peace, and sentenced to the House of Correction and Reformatory, at Ionia, at hard labor, for the period of 90 days. The application is now made for his discharge, on the ground that the justice of the peace had no power to sentence the prisoner to the House of Correction and Reformatory, as has been done in this case;

---

[1] See *People v. Gobles,* 67 Mich. 475.

that, such action being not within the jurisdiction of justices of the peace, the prisoner is entitled to his discharge.

Under sections 7092, 7133, How. Stat., upon conviction in the cases therein mentioned, justices of the peace have power to punish, by imposing a fine not exceeding $100, or imprisonment in the county jail not exceeding 90 days, or by both such fine and imprisonment, in the discretion of the court. These provisions were adopted when jurisdiction was conferred upon justices of the peace in criminal cases, and the imprisonment they are allowed to impose is expressly confined to the common jail of the county. How. Stat. § 7133.

It is provided in section 12 of the act to regulate and govern the State House of Correction and Reformatory, at Ionia, that—

"All courts having criminal jurisdiction in Michigan may sentence all male persons duly convicted of a felony before them, and who shall be at the time of sentence of the full age of sixteen years, and not more than twenty-five years, of age ; and also all male persons duly convicted before them of a misdemeanor, where the imprisonment shall not be less than ninety days," etc.

It is claimed by the attorney for the people that under this provision the imprisonment of Silverthorn was lawful. See How. Stat. § 9755 ; Laws of 1877, p. 173, § 12. This statute should not be applied to causes tried and finally disposed of before justices of the peace. The provision relating to the punishment of misdemeanors, it will be noticed, relates to cases where the punishment provided is not less than 90 days' imprisonment. By an amendment of the law of 1877, governing the State House of Correction and Reformatory, at Ionia, passed in 1879, it will also be noticed, it was sought to bring cases before justices to be finally disposed of, under this statute, arising under chapter 53, Comp. Laws

of 1871, How. Stat. chap. 51, relating to disorderly persons. Under these statutes this Court held that the circuit court is limited in the punishment it may impose upon the defendant, when the case is before it on appeal, to that which was within the jurisdiction of the justice. *Nelson v. People*, 38 Mich. 618 ; *Brown v. People*, 39 Id. 57. Section 12, Laws of 1877, p. 173, did not attempt to enlarge the jurisdiction of the justice, but changed the place of imprisonment to a State penitentiary. Circuit courts only can impose such penalties, and we are not prepared to say that it was intended by the Legislature to confer such power upon the justices of the peace, if it could. The papers required to be delivered to the officer whose duty it is to convey the respondent to the prison, and to be by such officer delivered to the warden in charge, must be certified by the clerk of the court imposing the sentence. The circuit court only has such certifying officer, and it was not until after the amendment of 1879 was made that this section was changed. In 1881, section 12 of the act of 1879 was amended by eliminating that portion thereof relating to disorderly persons, and leaving it as passed in 1877.

We are satisfied that the statutes now in force do not authorize a justice of the peace to sentence a party to the State House of Correction and Reformatory, at Ionia, on conviction of an offense which he has jurisdiction to try, if convicted, and the prisoner is entitled to his discharge. It has never been the policy of our State, and we cannot believe it was the intention of the Legislature which framed the law as it now stands, to invest these officers with the power to subject the offender who had been found guilty of a misdemeanor only to the degradation and disgrace of undergoing the punishment of a felon in a State prison.

Before the citizen should be deprived of his liberty, and subjected to such a degrading penalty, he should be permitted to avail himself of all his constitutional rights, which include "due process of law" in criminal cases, and which has not yet been conferred upon these officers. He is not only entitled to have the facts of his case passed upon by a jury, but to have the jury properly instructed concerning the law applicable to the facts by a court competent to give such instructions. He is also entitled to a common-law jury, and the aid of counsel in making his defense.