STATE, RESPONDENT, *v.* TOWNER, APPELLANT.

(No. 1,728.)

(Submitted January 20, 1902.   Decided March 3, 1902.)

*Criminal Law—Gambling—Sentence—Payment of Fine—Imprisonment on Default—General Act—Special Statute—Repeal—Effect— Construction of Statutes.*

1. Penal Code 1895, Sec. 2224, which permitted the court in every case where a defendant, on a conviction of crime, was adjudged to pay a fine, to also imprison him until both fine and costs were satisfied, not exceeding one day for every $2 of the fine and costs, was not in any manner repealed by Laws 1897, p. 81, providing for the imprisonment of one convicted of gambling until the fine and costs were paid, not exceeding five years in the state penitentiary, for the latter act did nothing more than exempt judgments on convictions of gambling from the operation of the general law; and hence, after its repeal, a person convicted of gambling was properly sentenced under the general law.

2. Penal Code 1895, Sec. 2224, permitted the court in every case where a defendant, on conviction of crime, was adjudged to pay a fine, to also imprison him "until the fine and costs were satisfied," not exceeding one day for every $2 of the fine and costs. Laws 1901, p. 167, Sec. 2, provided for the punishment, on conviction of gambling, by a fine and "imprisonment until the fine and costs were paid." *Held,* that the word "paid" in the latter act was synonymous with the word "satisfied" as used in the general act, and hence a person convicted of gambling could be imprisoned not to exceed one day for every $2 of the fine and costs.

3. A person cannot complain that he has been committed for a shorter time than the maximum authorized by law in default of the payment of the fine and costs assessed against him on conviction of a crime.

*Appeal from District Court, Silver Bow County; J. B. McClernan, Judge.*

T. O. TOWNER was convicted of gambling, and appeals. Affirmed.

*Mr. C. M. Parr, Mr. Robert B. Smith, Mr. G. M. Sinclair,* and *Mr. W. H. Levy,* for Appellant.

The title of the act of 1897 declares its enactment to be for the purpose of repealing "all laws in conflict with this act." Section 2224 being a law, and in conflict with the act, is by the title and Section 11 of the act repealed; and thereupon ceased to exist so far as the law of gambling is concerned. Section 2224 was also repealed, regardless of the question of whether there was a conflict or not, by the fact that the act of 1897 was a general revisory act, which covered the whole subject, crimes, penalties and all, of gambling. The rule of construction is that, where a later act of the legislature covers the entire ground of the subject matter of former laws, as the acts of 1897 and 1901 do, penalties and all; and where they were evidently intended as a substitute for the former law, the same will be repealed though there may be no express words to that effect. (*Inman* v. *State,* 47 S. W. Rep. 558; *Pulaski* v. *Downer,* 10 Ark. 589; *Blackwell* v. *State,* 47 Ark. 488; *In re Fordon,* 57 Pac. Rep. 376; *Little* v. *Coggswell,* 20 Ore. 325; *Ins. Co.* v. *Riggon,* 48 Pac. Rep. 476.)

"When it is apparent that a later statute is revisory of the entire matter of an earlier one, and is designed as a substitute therefor, the later substitute will prevail and the earlier one will be held to have been superseded; though there may be no inconsistencies or repugnancies between them." (*Mack* v. *Jastro et al.,* 58 Pac. Rep. 372.) In this case the court said: "We are of the opinion that it was the intention of the legislature to make a new law, so that the present law differed from the former, and that the new law, embracing all that was intended to be preserved, of the old, omitted what was not so intended, because complete in itself, and *repealed all other laws* on the subject embraced within it. The authorities on this subject are

clear and uniform." (*Murdock* v. *City of Memphis*, 20 Wall. 590; *Pierpont* v. *Crouch*, 10 Cal. 315; *City and County of Sacramento* v. *Bird*, 15 Cal. 295; *State* v. *Conkling*, 19 Cal. 501; *Charnock* v. *Rose*, 70 Cal. 189; Black Inter. Laws, page 116; Sedg. St. and Const. Law, page 124; *Fisk* v. *Henarie*, 142 U. S. 459; *King* v. *Cornell*, 106 U. S. 395; *Dist. of Col.* v. *Hutton*, 143 U. S. 18.) "It is not so much a repeal by implication as it is that the legislature having made a new and complete expression of its will upon the subject, this last expression must prevail, and whatever is excluded therefrom must be ignored." (*Idem; Bennors* v. *State*, 26 So. Rep. 942; *Mercer* v. *State*, 60 Pac. Rep. 348.) "An act which repeals by direct reference nearly all the laws on the subject, and then adds a general clause, 'together with all acts and parts of acts inconsistent herewith,' and which embraces the entire subject matter of certain prior acts not referred to directly, making changes on the point in question, and adding other provisions, operates as a repeal of such prior acts." (*U. S.* v. *Cheeseman*, 3 Sawyer (U. S.), 424; *People* v. *Tinsdale*, 57 Cal. 104; *State* v. *Whitworth*, 8 Port. (Ala.) 434; 23 Enc. Law, 497, and cases cited.) "The act prohibiting gambling covers the whole ground of the previous statute and includes every offense (and penalty) connected with the subject matter; and as it provides a different and in some respects a milder punishment for these offenses than the previous statutes, it repeals them as far as the same offenses are intended to be punished by it." (*State* v. *Whitworth*, 8 Port. (Ala.), 434; *Comm.* v. *Davis*, 11 Gray (Mass.), 48.) "A later statute, the evident intention of which is to furnish the exclusive rule governing a certain case, repeals by implication an earlier law on the same subject." (23 Enc. Law, 484; *People* v. *Lytle*, 1 Idaho, 143; *Druggist Cases*, 85 Tenn. 449.) "The general rule that where a statute, not merely cumulative of common law, or of previous statutes, and not made to cure deficiencies thereof, is designed to create a new and independent system, and to dispose of the

whole subject of legislation, it is the only law upon the subject, and, without express repealing clause, displaces the old rules and statutes." (*Baker* v. *Bell,* 46 Ala. 221; *Towle* v. *Marrett,* 14 Am. Dec. 206; 23 Enc. Law, 487, and cases cited.) "Two different punishments for precisely the same offense, with no variation in its elements, and no modifying discretion in the court cannot, in the nature of things, subsist together ＊ ＊ . ＊ and a milder new punishment repeals a severer old." (Bish. Stat. Crimes, Sec. 168.) "Though a subsequent act be not repugnant to a prior one relating to the same subject, if it was clearly intended to prescribe the only rule in relation to the subject it repeals the earlier law." (*Anderson* v. *City of Camden,* 33 Atl. Rep. (N. J.) 846; *People* v. *Medill,* 36 N. Y. S. 534.) "A general revision of an act repeals by implication all former acts on the same subject, whether repugnant thereto or not." (*Jernigan* v. *Holden,* 16 So. Rep. 41; *Buchanan* v. *Comm.,* 25 S. W. Rep. 265; *Mersereau* v. *Mersereau,* 26 Atl. Rep. (N. J.) 682.) "The repeal of a statute which was a revision of, and a substitute for, a former act to the same effect which was therefore repealed, cannot be deemed to revive the previous act, for this would be plainly contrary to the intention of the legislature." (Suth. Stat. Const. Sec. 168; *Butler* v. *Russell,* 3 Cliff. 251; *Moody* v. *Seaman,* 46 Mich. 74; *Goodno* v. *Oshkosh,* 31 Wis. 127; *People* v. *Supervisors,* 67 N. Y. 100; *Harris* v. *Supervisors,* 33 Hun. 279; *Milne* v. *Huber,* 3 McLean, 212; *State* v. *Haughter,* 70 Mo. 484; *State* v. *Conkling,* 19 Cal. 501; *People* v. *Tyler,* 36 Cal. 522.)

We contend that the action of the court in calling to its aid Section 2224 of the Penal Code designating the manner in which and the time of imprisonment was wholly unauthorized, because, so far as the act of 1901 is concerned, and the legislation respecting gambling, Section 2224 of the Penal Code has been repealed, not only by necessary implication, but by the exact and expressed provisions of the act of 1897. But the method of enforcing the payment or settlement of a fine under

Section 2224 of the Penal Code is so directly and emphatically in conflict with the method of enforcing payment prescribed in the act of 1901 that Section 2224 would necessarily be repealed by implication, if it had not already been repealed by the 1897 law, and was not expressly repealed in the 1901 act. Upon this question we desire to submit to the court a few authorities which we believe to be absolutely conclusive of this question: *Brightman* v. *Kirner*, 22 Wis. 55; *Somers* v. *Commonwealth*, 33 S. E. 381; *Dickinson* v. *State*, 41 S. W. 759; *Rogers* v. *Watrous*, 8 Tex. 62; *Cain* v. *State*, 20 Tex. 355; *Tunstall* v. *Wormley*, 54 Tex. 476; *Stirman* v. *State*, 21 Tex. 734; *Dillon* v. *Bicknell*, 47 Pac. 937; Sedgwick on Statutory Law; *Commonwealth* v. *Kelliher*, 12 Allen, 481; *United States* v. *Reese*, 92 U. S. 214; *Barnet* v. *Muncie Nat'l Bank*, 98 U. S. 558; Sutherland on Statutory Construction, Secs. 137, 139; *Sacramento* v. *Bird*, 15 Cal. 295-6; Sedgwick on Statutory Construction, page 100 and note; Sedgwick on Statutory Construction, pages 104-5; *United States* v. *Barr*, 24 Federal Cases, 14527; *Ogden* v. *Witherspoon*, 18 Fed. Cases, 10461.)

"Penal statutes are to be strictly construed. That is, construed strictly in those parts which are against the defendant, but liberally construed in those parts which are in his favor, that is for his ease and exemption. No person is to be made subject to such statutes by implication; and where doubts arise concerning their interpretation such doubts are to weigh only in favor of the accused." (*Hilburn* v. *St. Paul Ry. Co.*, 23 Mont. 241; *State* v. *Bryant*, 90 Mo. 534, and 2 S. W. R. 836; Bish. Stat. Crimes (2d Ed.), Secs. 193, 194 and 227; *Terr.* v. *Hopkins*, 59 Pac. Rep. 976; Enc. Law (2d Ed.), V. 23, page 298, and cases cited; *Newell U. Mill Co.* v. *Muxlow*, 115 N. Y. 170.)

We confess that an extended reseach has failed to find any authorities bearing directly on this question. Our Penal Code, including Section 2224, we take from that of the state of California. There is a line of decisions of the supreme court of the state beginning with *Ex parte Harrison*, 63 Cal. 299; and end-

ing with *Ex parte Sing Ah Tong,* 24 Pac. Rep. 181, construing a section similar to our Section 2224 in relation to other sections of the same Code. But never, to our knowledge, have the California courts been called upon to construe such a section of the code as to its bearing on the provisions of another and later system of law. On December 3, 1890, the supreme court of the state of Washington decided the case of *Foster* v. *State,* 25 Pac. Rep. 459. In that case the court was called upon to construe somewhat similar sections of the Penal Code. (Code of Washington of 1883.)

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE MILBURN delivered the opinion of the court.

Defendant was convicted of a violation of Section 2 of the Act of the legislature approved March 15, 1901, respecting gambling (Laws of 1901, page 166). He was sentenced to pay a fine of $100, and to be imprisoned in the county jail until the fine was paid, the imprisonment not to exceed one day for every $2 of said fine. He appeals from the judgment.

He assigns as error that the court erred in entering judgment. He inquires: "Did the trial court err in sentencing the defendant to imprisonment at the rate of two dollars per day?" Having argued that this question, which is quoted, must be answered in the affirmative, appellant concludes that the judgment is absolutely void.

The validity of the statute is thus attacked, but whether in whole or in part there is no specification to indicate. In the argument, however, we find this language: "Therefore we contend that the judgment of the court pronounced in this cause is absolutely void, and that, so far as the provisions of this Act referring [to] the method of enforcing the payment of the fines prescribed is concerned, the act is unconstitutional and void in that respect." The argument, extending over all of the 37 pages

of the brief, excepting two pages of statement, is devoted to an attempt to show that the passage of Section 1 of the Act of 1897, as to gambling (Laws of 1897, page 81), providing that one fined for a violation of the section "must be imprisoned until such fine and costs are paid, such imprisonment not to exceed five years in the state penitentiary," had the effect of repealing, so far as gambling is concerned, Section 2224 of the Penal Code of 1895; and that the repealing of the Act of 1897 did not re-enact said Section 2224; and, further, that the present Act of 1901, so far as it provides that "every person convicted of a violation of Section 2 of this Act must be imprisoned until such fine° and costs are paid," is unconstitutional and void, said term of imprisonment being perpetual in the case of those unable to pay.    Section 2224 of the Penal Code of 1895 is as follows: "A judgment that the defendant pay a fine and costs may also direct that he be imprisoned until both fine and costs are satisfied, specifying the extent of the imprisonment, which must not exceed one day for every two dollars of the fine and costs."

We do not believe that the enactment of the statute of 1897, *supra,* providing in Section 1 that the defendant, if convicted, should be imprisoned until the fine and costs are paid, such imprisonment not to exceed five years in the state penitentiary, repealed Section 2224 in any wise.    It is better to say that, if it affected Section 2224 at all, it excepted the judgment under said section of the gambling law from its operation.

If the Act of 1897 excepted gambling cases as a class from the operation of said Section 2224, we are of the opinion that after the repeal of the statute of 1897, making the exception, the general statute, which was in force all the time, would then be applicable to all cases according to its terms, as is held in *Smith* v. *Hoyt,* 14 Wis. 252, and *Goodno* v. *City of Oshkosh,* 31 Wis. 131.    The repealing of the exception would leave no exception.

The section (2224) permits the court, after adjudging a defendant to pay a fine, to direct that he be imprisoned until both fine and costs are satisfied, specifying the extent of the impris-

onment, which must not exceed one day for every $2 of the fine and costs.

Upon the question whether said section now applies to the mode of enforcing the collection of the fine and costs under the present law appellant says that upon an extended research he has failed to find any authorities directly upon the matter.

Do the words "satisfied" (Section 2224, Penal Code) and "paid" (Section 2, Act of 1901) mean the same thing? If these words were not intended by the legislature to mean the same in the matter of the penalty for the said offense, then Section 2224 would not apply, because the fine and costs would have to be paid in money, and not satisfied by lapse of time. If, however, the word "pay" means "satisfied," as appears to be its meaning (Webster's International Dictionary; Century Dictionary), then there is no conflict between said Section 2224 and that part of the law of 1901 referred to. If the fine and costs must be paid in money before the release of the prisoner, then the penalty, in the case of one unable to thus pay, means imprisonment for life, unless the executive interfere to pardon the delinquent offender. But if the law, so far as the mode of collection of the penalty is concerned, is unconstitutional and void, then would not the Section 2224 apply? But we do not think it necessary to decide whether the law is thus unconstitutional. If it be so, then it would be, in respect of the mode of collection, as if it had never been enacted, and Section 2224 would fix the manner of enforcing satisfaction of the judgment. If it be valid, and the words "satisfied" and "paid" were intended to be and are synonymous in this behalf, then that part of the section of the law of 1901 providing that the defendant shall be imprisoned until the fine and costs be paid is unnecessarily inserted in the Act, as it mean simply imprisonment until satisfaction of the judgment is made according to law, the law being said Section 2224, and Sections 2225, 2226, 2227, 2228, 2241 and 2242 of the Penal Code.

We are of the opinion that the word "satisfied" in Section

2224 of the Penal Code of 1895 and the word "paid" in the said section of the Act of 1901 mean the same thing; that the said section of the Penal Code applies to the enforcing of the penalty under Section 2 of the said Act of 1901; and that the judgment complained of is not invalid, and must be affirmed.

In the oral argument some point was made upon the fact that there is no mention in the judgment of the matter of costs. The defendant cannot complain that the judgment ordered him committed for a less time than might have been ordered in default of the payment of costs.

*Affirmed.*