*In re* KREINER.

CRIMINAL LAW— INTOXICATING LIQUORS — STATUTES — CONSTRUCTION.

Section 5385, 2 Comp. Laws, defining the punishment for illegally engaging in the sale of intoxicating liquors, construed in connection with section 2163, 1 Comp. Laws, authorizes a sentence to the Detroit house of correction for such violation; since all consistent statutes which can stand together, though enacted at different dates, relating to the same subject, are treated prospectively, and construed as in pari materia.

Certiorari to Wayne; Donovan, J. Submitted November 17, 1908. (Docket No. 139.) Decided April 24, 1909.

Habeas corpus proceedings by Charles H. Kreiner to obtain his discharge from the Detroit house of correction. There was an order discharging the petitioner, and the people bring certiorari. Reversed, but the time of sentence having elapsed, no order was entered.

*Geer, Williams & Halpin,* for petitioner.

*B. F. Reed,* Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was duly convicted, in the circuit court for the county of Lapeer, of the offense of selling liquor without payment of tax, and sentenced to imprisonment in the Detroit house of correction for the period of 65 days, and a further period, if his fine and costs were not paid, until the same should be paid, not exceeding six months from and including the date of his sentence.   He sued out a writ of habeas corpus, and was discharged by the circuit judge on the ground that there was no authority to imprison for this offense in the Detroit house of correction, and the decision of the circuit judge is brought here for review on certiorari.

Section 5385, 2 Comp. Laws, being section 7 of the act for taxation and regulation of the liquor traffic, provides, in substance, that if any person shall engage in any business requiring the payment of the tax provided by the act, without having paid such tax, or shall in any manner violate any of the provisions of the act, such person shall be deemed guilty of a misdemeanor, and upon conviction thereof, if there be any specific penalty provided by the act, shall be punished by fine of not more than $200 and costs of prosecution, "or by imprisonment in the county jail not less than ten days nor more than ninety days, or both such fine and imprisonment in the discretion of the court."   And provides further:

"And in case such fine and costs shall not have been paid at the time such imprisonment expires, the person serving out such sentence shall be further detained in jail until such fine and costs shall have been fully paid: *Provided*, That in no case shall the whole term of imprisonment exceed six months."

By section 2163, 1 Comp. Laws, being section 9 of the act providing for the Detroit house of correction, and following upon section 8, which provides for an agreement between the board of supervisors of any county and the city of Detroit for the detention of prisoners at the charge of the county, it is provided:

"In every county having such agreement with the

said city of Detroit, it shall be the duty of every court, police justice, justice of the peace or other magistrate by whom any person, for any crime or misdemeanor not punishable by imprisonment in the State prison, may be sentenced for any term not less than sixty days, to sentence such person to the Detroit house of correction, there to be received, kept and employed in the manner prescribed by law, and the rules and discipline of the said house of correction."

It is the general rule that all consistent statutes which can stand together, though enacted at different dates, relating to the same subject, are treated prospectively, and construed together as though they constituted one.

"Statutes which are not inconsistent with one another, and which relate to the same subject-matter, are in pari materia, and should be construed together; and effect should be given to them all, although they contain no reference to one another, and were passed at different times." See 2 Lewis' Sutherland on Statutory Construction (2d Ed.), § 443.

See, also, *Com.* v. *Griffin*, 105 Mass. 185; *State* v. *Towner*, 26 Mont. 339. We think these two statutes should be construed as in pari materia. It is to be noted of section 2163 that no attempt is therein made to define the offenses for which an offender may be committed to the Detroit house of correction, the only requirement being that such crime or misdemeanor shall not be punishable by imprisonment in the State prison, and that the sentence shall not be less than 60 days; nor does this section of the statute relate to all counties in the State. It only relates to such counties as shall have by contract made provision for substituting the Detroit house of correction for its own place of detention, namely, the county jail. It is left to other provisions of the statute to fix the term of imprisonment for the offender in each individual case. The two statutes can be harmonized. Section 2163 makes the Detroit house of correction as to offenses therein defined in effect the common jail of the county with which the city of Detroit has entered into contract relations.

The decision of the court below rested upon *People* v. *Gobles*, 67 Mich. 475. That case, however, dealt with a section of the statute which provided:

"From and after the time when the State house of correction [at Ionia] shall have been opened for the reception of all offenders, all courts having criminal jurisdiction in Michigan may sentence all male persons duly convicted of a felony before them, and who shall be at the time of sentence of the full age of sixteen years, and not more than twenty-five years of age; and also all male persons duly convicted before them of a misdemeanor when the imprisonment shall not be less than ninety days; * * * to the said State house of correction." 2 How. Stat. § 9755.

The question arose as to whether one convicted of a violation of the liquor law might under this statute be sentenced to the State house of correction. The court discussed the impropriety of incarcerating those who were convicted of mere misdemeanors with confirmed criminals, but proceeded finally upon the ground that, as the statute fixing the penalty for the offense under consideration was later in point of time than that which provided imprisonment in the house of correction at Ionia, the legislature could not have intended to extend the provisions of the earlier statute to that of the later. It is said:

"The legislature did not intend that other or more odious punishment should be imposed than that specified in the act. It is a greater and more odious punishment to be imprisoned with convicted felons in a State house of correction than in a county jail. Had the legislature intended that an infraction of the law might be punished by sentence to the State house of correction, they should, and probably would, have said so."

The same reasoning, in effect, is employed in *Re Silverthorn*, 73 Mich. 644. These cases are distinguishable from the present. In these cases the court was dealing with a general provision of statute relating to sentence by all magistrates. The right to sentence did not depend upon contract, and the view of the court appears to have

been that by the subsequent fixing of the penalty the legislature should be understood to have intended to exclude the provisions of section 9755. It is to be noted that the reason which influenced the court in reaching this conclusion, viz., that the punishment under section 9755 would be more odious than that provided by the act defining the offense, is not applicable to the present case. But more than this, the fact that section 2163 is prospective in its operation, and in terms relates to all offenses not punishable by imprisonment in the State prison, and could be made operative at any time by contract between the county and the city of Detroit, of necessity imports that such contract shall have relation to the cases in which, at the time the contract is made, a person may be sentenced for any crime or misdemeanor not punishable by imprisonment in the State prison.

Since this case was submitted, we have asked briefs of counsel upon the question of whether an order discharging a party under sentence from imprisonment is subject to review by this court. Briefs have been filed, from which it appears to be conceded that, as the term of imprisonment has expired, no effective order for discharge could be now entered, and we, therefore, refrain from discussing the question of the power of the court in a case where such an order might be effective.

No order will be now entered in the case.

BLAIR, C. J., and GRANT, OSTRANDER, and BROOKE, JJ., concurred.