## ELI S. PRESCOTT

*v.*

## THE CITY OF CHICAGO.

1.  SPECIAL ASSESSMENT—*notice—certificate of publication—collateral pro-
ceeding.*  In a collateral proceeding, the record of the proceedings to widen
a road can not be attacked for a defective certificate of the publication of
the notice in failing to state the last day of its insertion.  The city may
have obtained a release, or the parties affected by that proceeding may
have estopped themselves from raising the question by voluntary payment.
If it were allowed, the city would be compelled, in every case, to prove
perfect title to its streets before a special assessment could be levied for
their improvement.

2.  CONSTITUTION—*title of law—more than one subject.*  A law entitled
"An act to amend the charter of the city of Chicago, to create a board of

park commissioners, and to authorize the levy of a tax in West Chicago, and for other purposes," is not repugnant to the constitution because it contains many provisions prescribing the manner in which the subject matter of the bill, as stated in the title, shall be carried into effect. All of the provisions contained in the law are well expressed and embraced in the words, " an act to amend the charter of the city of Chicago."

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN BORDEN, for the appellant.

Mr. M. F. TULEY, Corporation Counsel, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an application. made at the March term, 1871, of the Superior Court, by the city collector of the city of Chicago, for judgment against delinquent lands, upon a special assessment warrant for grading a roadway 36 feet wide in Southwestern Avenue, or Ogden Avenue, from its intersection with West Twelfth street to its intersection with the south line of section 23, township 39 north, range 13 east of the third principal meridian, and from its intersection with the south line of said section 23 due west to the present western city limits, as the same has been widened and extended by the order of the common council passed July 26, 1869, and constructing a road bed in said described roadway, of sand, broken stone, gravel, etc.

To the application for judgment, objections were filed. Upon the hearing, the objectors introduced a certified copy of the proceedings in the matter of widening Southwestern Plank Road, in evidence, and some oral testimony, all of which is preserved by bill of exceptions, and it is claimed that the proceedings to widen were void. The record of these proceedings contains defective certificates of printer. They fail to state the date of the last paper containing the notice, and this

is the only defect in the proceedings of any substantial character which we are able to discover. We are disinclined to recognize the propriety of allowing those former proceedings to be attacked in such collateral way, because we can not say, from the mere production of the record, that the parties who were affected by them may not have estopped themselves by voluntary payment and acquiescence, or that the city may not have obtained the proper releases. The principle of allowing the title of the city to be drawn in question in such collateral way, would extend to every case of the improvement of a street, and require the city to show a good title to the street, as a condition precedent to making a special assessment for such improvement.

Another reason for reversal urged is, that the assessment in question is void, because the proposed improvement extends beyond the city limits.

It is, however, conceded by appellant's counsel that, if the West Side Park Act, approved February 27, 1869, is constitutional, then the improvement does not extend beyond the city limits. But he insists that the act is void under section 23, article 3, of constitution of 1848, prohibiting the passage of any private or local law embracing more than one subject, which must be expressed in the title. The title of the act in question is, "An act to amend the charter of the city of Chicago, to create a board of park commissioners, and to authorize a tax in the town of West Chicago, and for other purposes."

We can not spare the time to set forth the several provisions of this act, but, from an examination of them, are of opinion that the reasons assigned by counsel for holding it to embrace subjects not expressed in its title, are wholly groundless.

The principal object of the act is to amend the charter of the city of Chicago, and in so doing, to extend the city limits, to establish and provide for the improvement and regulation of public parks situate in the west division of Chicago. All of these purposes are well expressed by the title, in these

words: "An act to amend the charter of the city of Chicago."

There is nothing in the evidence showing or tending to show that the assessment was not made fairly, upon correct principles.

The collector had no authority to apply for the judgment, and for this reason it must be reversed and the cause remanded.

*Judgment reversed.**

---

* EDWARD ROBERTS *v.* THE CITY OF CHICAGO.

Per CURIAM: This case arises out of the same proceedings and is the same as *Prescott* v. *The City of Chicago,* and is disposed of in the same way.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

---

MARSHALL P. AYRES *v.* THE CITY OF CHICAGO.

Per CURIAM: This case is in all respects the same as that of *Prescott et al.* v. *The City of Chicago,* and must be decided in the same way. Judgment reversed and cause remanded.

*Judgment reversed.*