## HARMON R. FULLER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*possession of obscene picture.* A count in an indictment charging that the defendant, on, etc., unlawfully did have in his possession a certain obscene and indecent drawing, is sufficiently certain, and good, without describing in what the obscenity consists. So in respect to an indecent picture.

2. SAME—*sufficiency of indictment.* A count in an indictment which substantially follows the language of the statute creating the offence charged, is sufficiently certain.

3. CONSTITUTIONAL LAW—*expressing subject in title.* The general purpose of the constitutional provision that no act shall embrace more than one subject, which must be expressed in the title, is accomplished when a law has but one general object, which is fairly indicated by its title.

4. SAME—*title of act in respect to obscene pictures.* The title of the act "for the suppression of the trade in and circulation of obscene literature, illustrations, advertisements, and articles of indecent or immoral use," etc., is broad enough to embrace a section making it criminal for a person to have in his possession any obscene and indecent picture or drawing.

5. The title to the Criminal Code of 1874, "An act to revise the law in relation to criminal jurisprudence," is not liable to any constitutional objection by reason of its generality.

WRIT OF ERROR to the Circuit Court of Crawford county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. CALLAHAN & JONES, for the plaintiff in error, contended that the subject of the act of May 3, 1873, now contained in sections 223 and 224 of the Criminal Code, (Rev. Stat. 1874,) was the suppression of the trade in and circulation of obscene literature, etc., and was not comprehensive enough to embrace the having in possession of an obscene picture.

The second and fourth counts should have been quashed, because they contained no description of the " obscene and indecent drawing" or picture therein mentioned, informing the defendant which or what one of the many drawings in his possession was complained of, or in what the obscenity or indecency thereof is alleged to consist, and because it is not

alleged to be a drawing of any article or instrument of indecent or immoral use, and because, in the fourth count, the defendant is charged with having in his possession "an obscene and indecent picture," while the statute only prohibits "stereoscopic pictures" of that character.

Counsel also contended that the evidence was not sufficient to warrant a conviction for sending the drawing to the party named in the indictment.

Mr. JAS. K. EDSALL, Attorney General, for the People:

Section 223, as it now stands, was enacted by the act approved March 27, 1874, entitled "An act to revise the law in relation to criminal jurisprudence," and is clearly embraced within the title of that act. It is, therefore, unnecessary to examine the title of any former act in which its provisions may have been wholly or in part contained.

The indictment was sufficient. The second and fourth counts charge the offense in the precise language of the statute. This was sufficient. Rev. Stat. 1874, p. 408, sec. 408; *Warriner* v. *The People*, 74 Ill. 346; *McCutcheon* v. *The People*, 69 id. 601.

As to the second, third and fourth counts, it is not material whether Mary McKibben actually received and saw the picture. The plaintiff in error is shown to have had the same in his possession and to have shown it to several of the witnesses, and to have mailed it to this lady.

Where the proof sustains one good count, it is sufficient to support a conviction upon a general verdict of guilty. *Hiner* v. *The People*, 34 Ill. 297.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was tried and found guilty, by the petit jury in the court below, and adjudged by the court to pay a fine of $100 and the costs of suit for a violation of § 223 of the Criminal Code. (Chap. 38, Rev. Stat. 1874, p. 386.)

The indictment contains four counts. It is charged in the first count "that the defendant, on the 15th day of April, A. D. 1878, at and in the county aforesaid, being a scandalous and evil disposed person, and devising, contriving and intending as well the morals of youth as of divers other good citizens of this our State to debauch and corrupt, and to raise and create in the minds inordinate and lustful desires, did, on the 15th day of April aforesaid, in the year A. D. 1878 aforesaid, in the county aforesaid, unlawfully, wickedly and scandalously present, give and exhibit to one Mary E. McKibben a certain lewd, scandalous, wicked and obscene picture, to-wit, the picture representing a woman in an obscene, imprudent and indecent posture, with her privates exposed to public view, to the manifest corruption of public morals, in contempt of the people and the law, to the evil example of all persons in like case offending, contrary to the form of the statute," etc.

The second count charges "that the said Harmon R. Fuller, late of the county, etc., on, etc., at, etc., unlawfully did have in his possession a certain obscene and indecent drawing, contrary to the form of the statute," etc.

The third count charges that "the said Harmon R. Fuller, late of the county, etc., on, etc., at, etc., unlawfully did manufacture, draw and expose a certain obscene and indecent picture, representing a woman in an obscene, imprudent and indecent posture, and then and there sending the said picture to Mary E. McKibben, contrary to the form of the statute," etc.

The fourth count charges that "the defendant, on, etc., at, etc., unlawfully did have in his possession a certain obscene and indecent picture, contrary to the form of the statute," etc.

Plaintiff in error moved to quash the second and fourth counts of the indictment before he was put upon his trial, but the court overruled this motion, and plaintiff in error excepted, and this ruling is now urged as error for which the judgment should be reversed.

We are of opinion that the counts are good. They substan-

tially follow the language of the statute creating the offence, and we have held, in analogous cases, nothing more is necessary. *McCutcheon* v. *The People*, 69 Ill. 601; *Warriner* v. *The People*, 74 id. 346; *Cole* v. *The People*, 84 id. 216.

A very ingenious objection is urged, based on an analysis of the several acts relating to obscene books, etc., passed prior to the revision of 1874, that, inasmuch as it does not appear by the titles to any of those acts that the intent was to prohibit the mere act of having in possession obscene drawings, etc., any provisions to that effect must be held to be unconstitutional and void. It is in particular claimed that § 223 of the Criminal Code, *supra*, was first enacted as § 1 of an act approved May 3, 1873, the title whereof was "An act for the suppression of the trade in and circulation of obscene literature, illustrations, advertisements, and articles of indecent or immoral use, and obscene advertisements of patent medicines and articles for procuring abortion," and that the having in possession, without intent to sell or give away, of obscene drawings not being within the scope of this title, can not be held to be within the purview of the act.

The constitution (art. 4, § 13,) declares, that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed." * * *

It is said in Cooley on Const. Lim. (1st ed.) p. 144, sec. 2: "The general purpose of these provisions is accomplished when a law has but one general object, which is fairly indicated by its title. To require every end and means necessary or convenient for the accomplishment of this general object to be provided for by a separate act relating to that alone would not only be unreasonable, but would actually render legislation impossible." See, also, *People* v. *Mahoney*, 13 Mich. 495.

"There must be but one subject, but the mode in which the subject is treated, or the reasons which influenced the legisla-

ture, could not and need not be stated in the title, according to the letter and spirit of the constitution." *Sun M. Ins. Co.* v. *The Mayor,* 8 N. Y. (4 Selden,) 253. See, also, *Billings* v. *Mayor,* 68 N. Y. (23 Sickles,) 413; *People* v. *Com'r of Taxes,* 47 N. Y. (2 Sickles,) 501; *Neuendorff* v. *Duryea,* 69 N. Y. (24 Sickles,) 557.

It would seem, therefore, that prohibiting the having in possession might be regarded as one of the means convenient for the general subject, indicated in the title, of "the suppression of the trade in and circulation of obscene literature;" but, waiving this, § 223 of the Criminal Code, *supra,* was adopted by an act of the General Assembly, approved March 27, 1874, as a part of the revision of the statutes, and in common with all the other sections of the revised Criminal Code then adopted, under the title of "An act to revise the law in relation to criminal jurisprudence." This title is, certainly, comprehensive enough, and we are unable to say that it is liable to any constitutional objection by reason of its generality.

The only remaining objection to be noticed is, that the evidence does not sustain the verdict. The statute (§ 223 of the Criminal Code, *supra,*) provides, that "whoever    *    *    * shall have in his possession, with or without intent to sell or give away, any obscene and indecent    *    *    *    drawing, *    *    *    or shall draw and expose    *    *    *    any such article, shall be confined in the county jail not more than six months, or be fined not less than $100 nor more than $1000," etc.

Two witnesses swear positively that plaintiff in error had in his possession a picture, identified and produced before the jury, drawn with a lead pencil, which, from its description as detailed in the record, was grossly obscene and indecent, and that plaintiff in error told them he was going to send it to Mary E. McKibben. Another witness, a brother of Mary E. McKibben, testifies that he received a letter at the Heathville post office, addressed to Mary E. McKibben, which he opened and found to inclose this same picture. Another witness,

having some knowledge of the handwriting of plaintiff in error, gives it as his opinion that the address of this letter is in the handwriting of the plaintiff in error.

The only contrary evidence is that of the father of plaintiff in error. He thinks the witnesses are mistaken in saying that the picture before the jury was exhibited to the witnesses by plaintiff in error at the time and place stated by them. It is impossible to say the jury erred in paying but slight heed to this evidence. They were clearly authorized to find plaintiff in error guilty, as they did.

Assuming, as the record compels us to, that plaintiff in error is guilty, he has little cause to complain. For such conduct as he is charged with there is no rational excuse, and even the infliction of the extreme penalty of the law would not appear to be too severe punishment for it.

The judgment is affirmed.

*Judgment affirmed.*