THE CITY OF VIRDEN

*v.*

SARAH ALLAN.

*Filed at Springfield October 1, 1883.*

1.  MUNICIPAL SUBSCRIPTION—*properly authorized in special railroad charters, under constitution of 1848.*  Counties, cities, towns and townships might, under the constitution of 1848, be empowered by general law, by their charters, or the charters of railroad companies, to subscribe for stock in such companies, or even to make donations to aid in constructing railroads.

2.  CONSTITUTIONAL LAW—*private law, as containing more than one subject.*  Where a charter to construct and operate a railroad confers power on counties, cities, etc., to subscribe to the capital stock of the company, and issue bonds for the same, such provision is germane to such charter, and does not constitute a different subject from that of power to construct the road, it being but a means adapted to that end.  Such a private law is not in violation of the constitutional provision in section 23, article 3, of the constitution of 1848, prohibiting any local or private law from containing more than one subject, and requiring that to be expressed in its title.

3.  APPEAL—*direct to this court—as involving constitutional question.*  To give this court jurisdiction of an appeal directly from the trial court, on the alleged ground that a constitutional question is involved, a constitutional question must really exist and be presented in the case, and not have been settled by this court.  Parties can not confer jurisdiction in such cases by merely assigning an error that a law is unconstitutional, or by presenting such a question in argument, when such question has already been definitely settled.

APPEAL from the Circuit Court of Macoupin county; the Hon. W. R. WELCH, Judge, presiding.

Mr. MAHLON ROSS, for the appellant.

Mr. EDWARD McDONALD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action of assumpsit, against appellant, in the Macoupin circuit court, to recover on six coupons over due, and detached from municipal bonds issued to the Jack-

sonville and Southeastern Railway Company by the president and trustees of the then corporate town of Virden. They bear date the 1st of January, 1872. There were $30,000 of bonds, of which a portion of these coupons were detached, and which were delivered in payment of a subscription by the town to the stock of that railway company. The case was tried by the court below, without a jury, by consent of the parties, and judgment was rendered against the city for the sum of $600. From that judgment the city appeals directly to this court.

Appellant has assigned no specific error that there is any constitutional question involved, to give this court jurisdiction. It is true, counsel, in his brief, refers to section 23, article 3, of the constitution of 1848, and quotes it. That section provides that no private or local law shall contain more than one subject, and that shall be expressed in the title. The title of the railway charter involved in this controversy is, "An act to incorporate the Jacksonville and Southeastern Railway Company." It has been long, repeatedly and uniformly held, that counties, cities, incorporated towns and townships may be empowered, by general law, by their charters, or the charters of railroad companies, to subscribe for stock in such companies, or even to make donations, to aid in constructing railroads. If there is or can be anything settled in this court, it is that such power could be thus granted and exercised under the constitution of 1848. Of this there can be no question.

It has been repeatedly held, and it is equally well settled, that when a charter to authorize the construction and operation of a railroad confers such power upon municipalities, it is germane to such charters, and does not constitute a different subject from that of power to construct the road; that it is but a means adapted to the end, and is but a part of the whole power, and is properly conferred. It then follows that there is no constitutional question involved in this case

to confer jurisdiction to try this appeal, and it must be dismissed. Parties can not confer jurisdiction in such cases by merely assigning an error that a law is unconstitutional, or by presenting such a question in argument. Such a question must really exist, and be unsettled by this court, to confer jurisdiction on appeal from or error to the trial court. To hold otherwise would be a palpable evasion of the act creating and conferring jurisdiction on the Appellate Court.

The appeal must be dismissed.

*Appeal dismissed.*